**HUBMAN SUPPLY CO., Plaintiff, v. IRVIN, Defendant.**

Common Pleas Court, Franklin County.

No. 187225.  Decided August 7, 1953.

Noel E. Greenlee, Columbus, for plaintiff.
McGhee, Rowe & Evans, Columbus, for defendant.

**OPINION**

By BARTLETT, J.

**INJUNCTION DENIED**

Plaintiff company manufactures and sells janitor supplies, including cleaning materials, sanitary products and allied lines; on May 28, 1951, plaintiff employed defendant as a representative and salesman, and assigned him certain territory, customers and accounts within Franklin County, plaintiff reserving the right to change such assignment.

As part of the written contract of employment, defendant agreed not to engage in or operate for any other person any such janitors' supply business, or offer for sale any products or merchandise of any other person similar or comparable to those of plaintiff company, during the life of the contract, "or any modification thereof, nor during a period of ten months **after leaving the employ of the company for any cause, whether before or after the termination of this contract, and within any and all territory wherein the Company sells and distributes its products and merchandise, and wherein Em-**

ployee has represented the Company at any time during his employment." (Emphasis ours.)

While employed as salesman the defendant was paid on a commission basis; but on November 1, 1951, he was made assistant sales manager on a stipulated salary, with no particular assignment of territory, and thereafter called upon at various times customers of plaintiff in all territory served by plaintiff, which included not only the entire state of Ohio but also three other states.

February 13, 1953, defendant resigned his employment with plaintiff Company, and entered the service of another company engaged in a business similar to that of plaintiff, as representative and salesman of said other firm.

Plaintiff seeks an injunction to prevent defendant from operating for any other person in said janitors' supply business or offering for sale any products or merchandise of any other person similar or comparable to those of plaintiff, and within Franklin County.

Counsel for plaintiff contends the employment of defendant as Assistant Sales Manager merely constituted a modification of his contract of employment; but counsel for defendant insists his employment as assistant sales manager resulted in a termination of the original contract of employment.

The Court is convinced that it is immaterial whether this new assignment as assistant sales manager resulted in a modification or termination of the original contract of employment. The covenant involved provides this part of the contract is "as a condition precedent and as a **permanent**-partial consideration of his employment," and that it operates not only "during the life of the contract, or any modification thereof," but "during a period of ten months **after leaving the employ** of the Company for any cause, **whether before or after the termination of this contract.**" (Emphasis ours.)

The question in any event still remains, is this particular covenant in the contract enforceable in a Court of Equity?

The changes in his employment from salesman to assistant sales manager increased the territorial extent of the covenant to not only the entire State of Ohio, but three other states as well, since the covenant expressly applied, "within any and all territory wherein the Company sells and distributes its products and merchandise, and wherein Employee has represented the Company at any time during his employment."

The evidence disclosed the plaintiff company did business throughout Ohio and three other states, and that defendant's employment as assistant sales manager took him not only to different sections of Ohio but out of the state as well. In fact

the petition recites that defendant "continued to represent plaintiff in said latter capacity (Assistant Sales Manager) and continued to call upon, serve and contract at various times customers of plaintiff within Franklin County, Ohio, territory **and in other territories served by plaintiff in its business operations.**"

Plaintiff Company in its anxiety to protect itself or to hem in the defendant, stretched the covenant beyond the legal realm recognized by the law, creating the fatal detect of such covenant, in that it was made to apply not only to the entire State of Ohio, but other states as well.

"2. Where one engaged in the same business as another, purchases that of the latter with its good will, and takes from the latter a stipulation that he will not directly nor indirectly engage in the same business in the state nor in the United States for the period of twenty-five years, such agreement necessarily tends to create a monopoly; and whether necessary or not to the reasonable enjoyment of the good will so purchased, the interest of the public in the non-enforcement of such an agreement outweighs the interest of the purchaser in its enforcement, and is void.

"3. Such an agreement is not divisible, for the reason that if restrained to the limits of the state, still such restraint would be general in its nature, and obnoxious to all the objections that exist against a general restraint of trade." **The Lufkin Rule Co. v. Fringeli, et al., 57 Oh St 596.**

The case of **Gates-McDonald Co. v. McQuilkin, 34 N. E. (2nd) 443, 33 Abs 481,** held invalid the restrictive covenant in a contract that the employee, upon termination of his employment, would not, within three years thereafter, "make his services available directly or indirectly to Ohio employers in the matter of rendering them any service in connection with their workmen's compensation matters." The Court does not refer to the fact that this restrictive covenant covered the entire State of Ohio, but bases the invalidity of such restriction on the general principle that it "imposes undue hardship on the employee, is greater than is required for the plaintiff's protection."

"Contract prohibiting defendant from engaging in beauty parlor business for ten years, without any limitation as to space, is not divisible so as to restrict meaning to county, but is void as in general restraint of trade." **Emler v. Ferne, 23 Oh Ap 218.**

In the Lufkin Rule Co. case, supra, Minshall, J., in delivering the opinion of the court on p. 602, says:

"It is the settled rule in this state that all agreements in general restraint of trade are against public policy and void; * * *."

and on p. 603 he refers to the opinion of the court in **Lange v. Werk, 2 Oh St 519,** wherein Ranney, J., says:

"No case is found where such a contract has been upheld, which covered the whole of England or a state of this Union;" then Minshall, J., adds:

"Such restraints are regarded as general."

It will be observed that in the case before us, the restraint is not only to the State of Ohio but three other states by virtue of the express terms of the restrictive covenant that it applied to "any and all territory wherein the Company sells and distributes its products and merchandise, and wherein Employee has represented the Company at any time during his employment." The evidence disclosed that his authority and activities as assistant sales manager extended not only throughout Ohio but in three other states.

This Court, therefore, holds that the agreement in the instant case is in general restraint of trade, since it covers the entire state at the least, and is not capable of such a division as, under any circumstances, would make it a valid one.

Counsel for the plaintiff assumes the erroneous theory that the plaintiff-employer is not required to offer proof of damages resulting from violation of such restrictive covenants by an employee, since such damages are inferred by reason of such violation, where the employee engages in similar business operations.

"16. If the owner of an established business sells it and enters into a reasonable covenant not to compete with the buyer, irreparable injury will be presumed from the mere violation of the covenant; but where there is an agreement not to compete after a term of employment irreparable injury, actual or threatening, must be proved, it is not presumed." **Arthur Murray Dance Studios, etc. v. Witter, 62 Abs 17, 19.**

The Murray Dance Studio case, supra, while a nisi prius decision, is one of the most exhaustive reviews of the subject matter to be found in the books in all common law countries.

"1. Contracts in restraint of trade, though the restraint is partial only, are not looked upon with favor, are strictly construed and are enforced only in clear cases, where material damage to the plaintiff is apparent and no irrevocable hardship will result to the defendant and others." Schroeder et al v. Harry Schultz, et al., 16 C. C. (n. s.) 303, Syl. 1.

See to the same effect as the Schroeder case, supra, Murray

Dance Studio case, supra: **Brewer v. Brewer, 84 Oh Ap 35, 46.**

There has been no showing in this case that the restraint sought is necessary to protect the plaintiff; it certainly is oppressive to the employee; any such restraint is presumed illegal as harmful to the public; plaintiff's right to injunction is not clear for two reasons, the legal right itself is not shown, as well as a failure to show any actual injury to plaintiff; injunction is not a matter of right but rests in the sound discretion of the court, and is denied unless the whole matter appears equitable; there is no showing the defendant actually enticed away and diverted to his new employer, any customers he had served for plaintiff; there is some indication of a desire to suppress and discipline his former employee because of personal enmity of the President of the plaintiff company; there is no evidence the defendant wrongfully disclosed or used trade secrets, if any, of plaintiff; several other rivals are engaged in the same business as plaintiff; and remembering that the burden is on the plaintiff company to prove irreparable injury, where is the proof? Certainly there is not one microscopic bit of evidence of actual injury. It is not shown that plaintiff lost one customer or one penny.

Six months have elapsed since the defendant resigned and entered the employment of a rival concern, and yet there has been no proof of any actual injury to the plaintiff.

This Court is asked to substitute presumption for proof. We are asked to presume irreparable injury. The great weight of authority is to the effect that in the case of such covenant by an employee, irreparable injury, actual or threatening, must be proved. There only remain four months more in the life of the restrictive covenant sought to be enforced. In the light of the past six months, it is impossible to even imagine any real injury to plaintiff in the next four months due to the loss of the defendant employee to a rival concern.

Injunction denied. Judgment for costs against plaintiff-company. Entry accordingly with exceptions by counsel for plaintiff.